## JACOB WATKINS AND WIFE v. H. B. HALL.

### SUPREME COURT, AUSTIN TERM, 1882.

*Community estate—Survivor of community may sell for payment of commu-*
*nity debts.*—The survivor of the community has power to sell the community
property for the purpose of paying community debts, and the fact that the
property may have been a community homestead does not alter the rule.

*Certificate of acknowledgment.*—In a certificate of acknowledgment the de-
claration of the officer that the person making the acknowledgment is well
known to him, the name of such person being given in the certificate, that
name being the same as is signed to the instrument, coupled with the declara-
tion that such named person, well known to the officer, acknowledged that he
executed the instrument, identifies the party so executing, and such a certifi-
cate is a substantial compliance with the statute.

Appeal from Grayson county—Woods, Wilkins & Cunningham
for appellant.

Opinion by Stayton, J.—The land in controversy was University
land, which Samuel Welchel had bought from the State during the
life of his first wife, and he was to pay for the same in ten installments;
only three of which had been made at the time of the death of his
first wife, at which time he and his wife were living upon the land.

Mrs. Watkins is a daughter of Samuel Welchel by his first wife,
and claims one-half of the property as her mother's community inter-
est therein, she having, however, two brothers and a sister.

At the time of the death of the mother of Mrs. Watkins, her
father, besides the balance due on the land, owed other debts, which
were community debts, and, having no other means of paying the
same after his wife's death, he sold the land in controversy to one
Curnut, who subsequently sold the same to the appellee.

After Welchel sold to Curnut, and after Curnut had sold to the
appellee, Welchel qualified, under the statute, as survivor to admin-
ister the community estate of himself and his deceased wife, and
then sold the land in controversy to appellee.

On the trial, the court instructed the jury as follows: "The deed
from Welchel to Curnut, and from Curnut and wife to Hall, will
convey all of the rights of Samuel Welchel in said land, and convey
it to Hall; and the inventory filed by Welchel December 4, 1879,
and the deed made by him to Hall on December 20, 1879, would
convey all of the interest that the heirs of the deceased wife of said
Welchel might have in the land by virtue of the rights of their
mother in it as community property; and said instruments would
warrant you in finding the land in controversy for the plaintiff, un-
less you find as hereinafter instructed."

This charge is assigned as error. It is not believed that this charge was erroneous. It has been repeatedly decided by this court that the survivor of the community has power to sell the community property for the purpose of paying community debts. (Wenar v. Stenzel, 48 Texas, 489; Johnson v. Harrison, 48 Texas, 257, and cases cited in the two opinions.) This is certainly the rule in this State, and it is not believed by the writer that the fact that the property may have been a community homestead alters the rule. After the execution of the deed to Curnut, it probably being thought that it would only carry the interest of Welchel in the land, he qualified under the statute to administer the community estate, and was fully empowered so to do, and for a valuable consideration received from Hall, the appellant, he sold the property to him, and if his former conveyance would not have been sufficient to convey title to the entire property, that conveyance was, even though the property may have been the community homestead (Dawson v. Holt, 44 Texas, 174; R. S., 2172), and the fact that Welchel may have parted with his interest in the property by his first deed, could not have withdrawn from him his right, after having qualified under the statute, to administer the residue of the community property.

It is claimed that there was a verbal partition of the land made by Curnut and Mrs. Watkins, after the purchase of the land, and that thereby she acquired the right to a designated half of the land. Of such agreement, it seems that Hall had no notice; but if he had, it would not affect his rights, for Mrs. Watkins and Curnut had no power to withdraw any part of the property from administration by the surviving parent. Debts existed for which the survivor was liable, and it was his right, and he had the power to sell the property to meet the payment of the same, even though the property may have brought more than was necessary to pay such debts.

If, after the payment of the community debts out of the proceeds of such sale, there be a balance left in the hands of Welchel, Mrs. Watkins will be entitled to her share of that through inheritance from her mother, and in reference thereto she is fully secured by the bond which her father gave under the requirement of the statute, and this is the extent of her right.

It is claimed that the court erred in permitting certain deeds to be read in evidence, because they had not been properly recorded.

The objection taken to the record of the deeds was, that they had not been properly acknowledged.

The form of acknowledgment, so far as brought in question in this cause, is as follows:

"Before me, R. P. Jones, a notary public in and for said county and State, came Samuel Welchel, to me well known, and acknowledged he signed and delivered the foregoing deed for the consideration and purposes therein stated."

It is claimed that the certificate of acknowledgment is insufficient, in that after the word "known" the words "to me to be the person whose name is subscribed to the foregoing instrument" were not added. The statute gives a form for the certificate of acknowledgment which officers in taking acknowledgments should use, but it does not provide that a certificate substantially the same as that given shall not be sufficient; but, upon the contrary, provides that "any officer taking the acknowledgment of a deed or other instrument of writing must place thereon his official certificate, signed by him and given under his seal of office, substantially, in form, as hereinafter prescribed." (R. S., 4311.)

The form prescribed by the statute is as follows:

"The State of ———, county of ———. Before me [here insert the name and character of the officer] on this day personally appeared ———, known to me (or proved to me on the oath of ———), to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purpose and considerations therein expressed."

The law regulating acknowledgments of instruments for record under the Revised Statutes, except in the form above set out, is the same as under the former law. (R. S., 4308; P. D., 5007.) The law in force prior to the adoption of the Revised Statutes did not require the certificate of the officer before whom the acknowledgment was made to show that the person who made the acknowledgment was known to the officer taking the same, but it provided that if such person was unknown to the officer, that his identity should be proved by his own affidavit, or by witnesses known to the officer, which proof or affidavit had to be endorsed upon the instrument of writing by the officer taking the acknowledgment. (P. D., 5010.) In addition to the requirements of the former law, the law now requires the certificate of the officer to show, if it be the fact, that the person making the acknowledgment is known to the

officer to be the person whose name is signed to the instrument, and a certificate which substantially shows that fact is in compliance with the statute. In the certificates of acknowledgment objected to in this cause, it is stated that the person whose name is given is well known to the officer, and that such person acknowledged that he signed and delivered the instruments.

This declaration of the officer that the person making the acknowledgment is well known to him, the name of such person being given in the certificate, that name being the same as is signed to the instrument, coupled with the declaration that such named person, well known to the officer, acknowledged that he executed the instrument, identifies the party so executing, and such a certificate is a substantial compliance with the statute, for it carries with it evidence that the officer knew, personally, that the person who executed the instrument was the person whose act the deed or other instrument purports to be.

There is no error in the judgment of the court below, and the same is affirmed.